

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. PD-0581-22 & PD-0582-22

### BEECHER MONTGOMERY, Appellant

### v.

### THE STATE OF TEXAS

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE SECOND COURT OF APPEALS TARRANT COUNTY

PARKER, J., filed a concurring opinion in which SCHENCK, P.J., and KEEL, J., joined.

### CONCURRING OPINION

Does the Sixth Amendment's Confrontation Clause apply to a proceeding involving the revocation of deferred adjudication? The Court says it doesn't because it is a proceeding to revoke probation and the Confrontation Clause doesn't apply to such proceedings. The dissent says it does because the

proceedings are judicial in character and sentencing hasn't been decided. Neither answer is entirely satisfying. The Court does not grapple with the differences between deferred adjudication and regular probation, and there are differences, with the most salient one being that sentencing hasn't occurred yet. The dissent sees the sentencing distinction but assumes without critical inquiry that the Confrontation Clause applies to sentencing. But contrary to that assumption, the Supreme Court has suggested and the federal circuits have unanimously concluded that the Confrontation Clause does *not* apply to sentencing. Based mainly on that authority, I agree with the Court that the Confrontation Clause does not apply to proceedings involving the revocation of deferred adjudication.

### 1. The "judicial" character of the proceedings is immaterial.

One of the dissent's rationales for finding the Confrontation Clause applicable is that, in *Texas*, proceedings involving the revocation of deferred adjudication are "judicial" rather than "administrative." While I agree that such proceedings are "judicial" in this state, so are proceedings involving the revocation of regular probation. The *Doan* case the dissent relies upon made no distinction between deferred adjudication and "regular" probation in arriving at its holding.[1]

---

[1] *See Ex parte Doan*, 369 S.W.3d 205, 206 & *passim* (Tex. Crim. App. 2012) (referring to "community supervision" with no mention of deferred adjudication).

Yet the dissent does not appear to be arguing that we should apply the Confrontation Clause to regular probation-revocation proceedings, and in fact the dissent points to the unanimity of federal-circuit decisions that the Confrontation Clause does not apply to such proceedings. If the dissent's point is to distinguish between the two types of proceedings (revocation of regular probation versus revocation of deferred adjudication), this particular claim utterly fails to support that point.

Setting this lack-of-distinction aside, I cannot agree that Texas's decision to accord more protections to these types of proceedings under *state* law has anything to do with the application of *federal* constitutional protections. Whether federal confrontation rights apply ought to be decided by what is at stake for the defendant in a particular proceeding, not by a state's decision, as a matter of legislative grace, to provide more protections in such a proceeding. And all three of the cases relied upon by the dissent on this subject—*Doan*, *Parker*, and *Fariss*—involved constructions of protections provided by *state* law, not federal law.[2]

---

[2] *Doan*, 369 S.W.3d at 213 (acknowledging that the federal double-jeopardy clause did not apply and that only state-law "res judicata" protections were at issue); *Parker v. State*, 545 S.W.2d 151, 155 (Tex. Crim. App. 1977) (referring to the holding in *Fariss*, *infra* "that revocation is a 'criminal prosecution' within Article I, Sec. 10, Texas Constitution" and also citing the probation statute); *Fariss v. Tipps*, 463 4 S.W.2d 176 (Tex. 1971) (addressing the "question under the state constitutional provision . . .whether a proceeding for revocation of probation is a 'criminal prosecution' to which the constitutional guarantees apply") (ellipsis inserted).

Moreover, even if we accept *Doan*'s generic pronouncement that probation-revocation proceedings "are judicial proceedings, to be governed by the rules established to govern judicial proceedings,"[3] this pronouncement says nothing about the application of the Confrontation Clause if we determine that it doesn't apply to some judicial proceedings, such as pre-trial or post-trial hearings, hearings regarding the revocation of "regular" probation, or—as I will soon discuss—sentencing proceedings.

## 2. The Confrontation Clause does not apply to sentencing.

There are two salient characteristics of deferred adjudication that do not apply to regular probation: (1) the defendant is not formally found guilty, and (2) sentencing has not yet occurred.[4] I will address the question of sentencing first.

---

Similarly, the dissent emphasizes that a deferred adjudication does not count as a conviction for purposes of state law when it comes to impeachment under the Texas Rules of Evidence. But the federal constitution does not prevent the State from treating a deferred adjudication as a conviction for that purpose if it so desired. And as explained *infra* at part 3, deferred adjudication is treated as a conviction for some purposes.

[3] *Doan*, 369 S.W.3d at 212.

[4] *See* TEX. CODE CRIM. PROC. arts. 42A.101(a) (providing that "the judge may, after receiving a plea of guilty or nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt and place the defendant on deferred adjudication community supervision"), 42A.110(a) ("After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal, continue as if the adjudication of guilt had not been deferred.").

The United States Supreme Court has already held that the full protections of the

Confrontation Clause do not apply to sentencing. In 1949, in *Williams v. New York*,

the Court pointed to the "wide discretion" of sentencing courts and their ability to

use out-of-court affidavits:

> But both before and since the American colonies became a nation, courts in this country and in England practiced a policy under which a sentencing judge could exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fixed by law. Out-of-court affidavits have been used frequently, and of course in the smaller communities sentencing judges naturally have in mind their knowledge of the personalities and backgrounds of convicted offenders.[5]

A decade later, the Supreme Court reaffirmed that practice, citing only due process

as a limitation on the ability to consider evidence at sentencing:

> [O]nce the guilt of the accused has been properly established, the sentencing judge, in determining the kind and extent of punishment to be imposed, is not restricted to evidence derived from the examination and cross-examination of witnesses in open court but may, consistently with the Due Process Clause of the Fourteenth Amendment, consider responsible unsworn or 'out-of-court' information relative to the circumstances of the crime and to the convicted person's life and characteristics.[6]

> The question is whether those old holdings have survived more recent

---

[5]  337 U.S. 241, 246 (1949).

[6]  *Williams v. Oklahoma*, 358 U.S. 576, 584 (1959).

developments in constitutional law, especially the Court's confrontation decision in *Crawford v. Washington.*[7]  The federal circuits have been unanimous in holding that they have, concluding that the Sixth Amendment's Confrontation Clause does not apply to non-capital sentencing proceedings.[8]

### 3. Deferred-adjudication revocation proceedings do not involve any substantial issues of guilt, and so the right to confrontation does not apply.

What is left is the fact that a formal entry of guilt is not made until deferred adjudication is revoked.[9]   As the Supreme Court has indicated, the federal constitutional right to confrontation ends "once the guilt of the accused has been properly established."[10]  In the deferred-adjudication setting, guilt of the defendant has been "properly established" at the time he is placed on deferred adjudication,

---

[7]  541 U.S. 36 (2004).

[8]  *United States v. García-Oquendo*, 144 F.4th 66, 76 (1st Cir. 2025) (citing *United States v. Luciano*, 414 F.3d 174, 179 (1st Cir. 2005)); *United States v. Martinez*, 413 F.3d 239, 242–44 (2d Cir. 2005); *United States v. Smith*,  751 F.3d 107, 116 (3d Cir. 2014) (citing *United States v. Robinson*, 482 F.3d 244, 246 (3d Cir.2007)); *United States v. Powell*, 650 F.3d 388, 391–94 (4th Cir. 2011); *United States v. Beydoun*, 469 F.3d 102, 108  (5th Cir. 2006); *United States v. Stone*, 432 F.3d 651, 654 (6th Cir. 2005); *United States v. Roche*, 415 F.3d 614, 618 (7th Cir. 2005); *United States v. Brown*, 430 F.3d 942, 943–44 (8th Cir. 2005); *United States v. Vera*, 893 F.3d 689, 692 (9th Cir. 2018) (citing *United States v. Littlesun*, 444 F.3d 1196, 1199–1200 (9th Cir. 2006)); *United States v. Battles*, 745 F.3d 436, 461-62 (10th Cir. 2014) (citing *United States v. Bustamante*, 454 F.3d 1200, 1202–03 (10th Cir. 2006)); *United States v. Cantellano*, 430 F.3d 1142, 1146 (11th Cir. 2005); *United States v. Bras*, 483 F.3d 103, 109 (D.C. Cir. 2007).

[9]  *See supra* at n.4.

[10]  *Williams*, 358 U.S. at 584.

which occurs after he pleads guilty (or nolo contendere) and the judge finds that the evidence "substantiates" guilt.[11]

And when the State seeks revocation, it does so on the basis of a violation of the conditions of supervision.[12] Guilt is not an issue that is revisited during a revocation proceeding. And in fact, the original plea proceedings cannot be reviewed in an appeal from revocation, except when the original judgment was void.[13]

Moreover, though the defendant has an opportunity to prevent a conviction from appearing on his record—for *most* purposes—by successfully serving out his period of supervision, "most" is not "all," and agreeing to deferred adjudication

---

[11] *See supra* at n. 4 (citing and quoting TEX. CODE CRIM. PROC. arts. 42A.101(a)).

[12] *See* TEX. CODE CRIM. PROC. art. 42A.108(a) ("On violation of a condition of deferred adjudication community supervision . . .").

[13] *See* TEX. CODE CRIM. PROC. art. 42A.108(b) ("The determination to proceed with an adjudication of guilt on the original charge is reviewable in the same manner as a revocation hearing conducted under Article 42A.751(d) in a case in which the adjudication of guilt was not deferred."); *Nix v. State*, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001).
 Relying upon *Middleton*'s statement that deferred adjudication contemplates "a pause, as if the case were taken under advisement," *see Middleton v. State*, 634 S.W.3d 46, 50 (Tex. Crim. App. 2021), the dissent claims that, upon a motion to adjudicate, proceedings are restarted with confrontation protections. But once a case is taken under advisement, a party no longer has the unfettered ability to withdraw his plea. *Murray v. State*, 302 S.W.3d 874, 883 (Tex. Crim. App. 2009) (But he can do so on the basis that the plea is invalid.). If the plea cannot be withdrawn at the defendant's own discretion, then the defendant's guilt has been established. To use the dissent's "pause-play" analogy, the "pause" happened at the moment Appellant's guilt was established, so that resumed proceedings occurring on pressing "play" were not covered by the right to confrontation.

has some lasting consequences: (1) for use to enhance certain sex offenses if the deferred adjudication is for an applicable sex offense, (2) for admission at the punishment stage of a subsequent offense, and (3) for consideration in obtaining or renewing certain types of licenses.[14]

Consequently, there is no substantial issue as to guilt in deferred-adjudication revocation proceedings. The issues are whether to revoke and punishment. Neither of those issues implicate the Sixth Amendment's guilt-centered right to confrontation.

With these comments, I join the Court's opinion.

Filed: July 02, 2026

Publish

---

[14] *See* TEX. CODE CRIM. PROC. art. 42A.111(c), (d); TEX. PENAL CODE § 12.42(g)(1).